Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 795 | **DATE** | 4/8/2003 |
| **CASE TITLE** | BANKS vs. CBOCS, WEST, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion (18-1) to compel is denied as moot. Motion (21-1) to compel is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | APR 16 2003 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 APR 15 PM 3:20 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TIMOTHY BANKS,

    Plaintiff,

v.

CBOCS, WEST, INC., d/b/a Cracker Barrel
Old Country Store,

    Defendant.

No. 01 C 0795
Judge James B. Zagel

DOCKETED
APR 1 6 2003

## MEMORANDUM OPINION AND ORDER

Timothy Banks filed his Complaint on February 5, 2001, alleging that CBOCS, West, Inc. ("Cracker Barrel") had treated him unlawfully during his employment by violating the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). The parties conducted extensive written discovery and scheduled six depositions for May and June 2002. The parties did not conduct oral discovery at that time, however, in light of discipline Cracker Barrel issued to Banks in the middle of 2002 that the parties believed could broaden the scope of written and oral discovery of this matter. Several months later, Cracker Barrel terminated Banks' employment for insubordinate conduct. He filed his Amended Complaint on September 19, 2002, alleging that, in addition to violating the FMLA and ADA, Cracker Barrel denied him a promotion, issued him a final written warning, and terminated in retaliation for filing his Complaint, thereby violating Title VII of the Civil Rights Act of 1964 ("Title VII"). Having previously concluded written discovery based on Banks' FMLA and ADA claims, the parties have throughout the past several months conducted written discovery based only on his retaliation claims – centered on events occurring in April, June, and August 2002. Banks has

now moved to compel Cracker Barrel to comply with his written discovery requests regarding comparative information and information relating to the conduct of the decisionmakers in the events constituting his Title VII cause of action as well as to timely produce Cracker Barrel's witnesses for depositions.

To establish a prima facie case under Title VII, Banks must show, *inter alia*, that he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *See, e.g., Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). Whether he was treated less favorably than so-called "non-complaining employees" has nothing to do with his retaliation case unless those employees were similarly situated to him. The Seventh Circuit has recognized that "[t]he similarly situated requirement is very important, for without it a plaintiff would only have to point to one . . . employee treated better than he. . . . Such a minimal showing would be meaningless, especially with respect to large corporations" like Cracker Barrel. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 619 (7th Cir. 2000). To demonstrate that another employee is "similarly situated," Banks must show that the employee "is directly comparable to [him] in all material respects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). The employee must generally: (1) "hold the same or equivalent" position or title and perform the same or similar duties, *Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 651 (7th Cir. 2001); *Young v. Ameritech, Inc.*, No. 01 C 2987, 2002 U.S. Dist. LEXIS 14313, at *8 (N.D. Ill. Aug. 5, 2002), (2) have the same superior, *Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 349 n. 3 (7th Cir. 1997); *Randue*, 219 F.3d at 618; and (3) commit the same misconduct, *Plair*, 105 F.3d at 349 n. 3; *Connolly v. Ala*

*Carte Entertainment, Inc.*, No. 02 C 0492, 2002 U.S. Dist. LEXIS 18981, at *14-15 (N.D. Ill. Oct. 7, 2002).

Banks' Request for Promotion to the SAM Program: Interrogatory 2 and Request 4

Banks seeks to compel responses to his Interrogatory 2 and Request 4, which purportedly relate to his denial of admission into Cracker Barrel's Senior Associate Manager ("SAM") Program. Interrogatory 2 requests the identity of and chronological timeline of each individual's request to the SAM program and Cracker Barrel's corresponding acceptance or denial going back to January 1, 1997. Because he alleged that David Swartling was a decisionmaker, Banks requested the aforementioned information for all relevant employees in the geographic area under Swartling. Request 4 seeks "[a]ny and all documents relating to performance and conduct, including but not limited to, performance reviews and counseling reports, for those employees named in Interrogatory No. 2 who were accepted or denied into" the SAM program. The motion seeks the three performance reviews preceding the entry into the SAM program of the employees names in Interrogatory 2, as well as any counseling reports or other documentation relating to their conduct during the time period of the three reviews.

There are several problems with these requests. First, district manager Bryan Frank, not Swartling, was the decisionmaker with respect to Bank's request for admission into the SAM program. The request for all information on the SAM program from all employees in Swartling's region is thereby overbroad. Moreover, there is no justification for information on the SAM program going back to January 1, 1997. Cracker Barrel's cutoff date of January 1, 2001 is more reasonable. Accordingly, the motion to compel discovery is granted as to Interrogatory 2 and

Request 4 to the extent they are limited to employees in the district in which Banks was employed since January 1, 2001.

Banks' Receipt of a Final Written Warning: Interrogatory 4 and Request 18

Banks seeks to compel responses to his Interrogatory 4 and Request 18, which purportedly relate to his final written warning for violating Cracker Barrel's Asset Protection Policy. Interrogatory 4 aks for the identity of "each and every employee of Defendant who has been found to have violated the Asset Protection Policy and/or Defendant's securities policies, including but not limited to, Asset Protection Policy Topic #11 and Operations Manual Section IV page 14" throughout Swartling's entire region since January 1, 1997. Similarly, Request 18 seeks "[a]ny and all documents relating to all employees disciplined and/or terminated for a violation of the Asset Protection Policy or Defendant's securities policies." Once again, Swartling was not the decisionmaker regarding Banks' final written warning, and nothing makes information on disciplines and terminations of all employees throughout Swartling's entire region at all relevant to this action. Similarly, there is no justification for information going back to January 1, 1997. The cutoff date of January 1, 2001 is more reasonable. Finally, the request for information as to "each and every employee" found to have violated Cracker Barrel's Asset Protection or security policies is overbroad because Banks and non-management employees are decidedly not similarly situated. *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1042 (7th Cir. 1993) (supervisors are not similarly situated to subordinates). Accordingly, the motion to compel discovery is granted as to Interrogatory 4 and Request 18 to the extent that they are limited to employees holding the position of and with the duties of an associate or general manager and working in the district in which Banks was employed since January 1, 2001.

4

Banks' Termination: Interrogatory 5 and Request 19

Banks seeks to compel responses to his Interrogatory 5 and Request 19, which purportedly relate to his termination. Interrogatory 5 asks for the identity of "each and every employee . . . who has been terminated for a violation of Defendant's Rules of Conduct and/or insubordination, including but not limited to, conduct rules #1, #4, and #14" throughout Swartling's entire region since January 1, 1997. Similarly, Request 19 seeks "[a]ny and all documents relating to the performance or conduct of any employees disciplined or terminated for violation of Defendant's Rules of Conduct or insubordination." Once again, Swartling was not the decisionmaker regarding Banks' termination, and nothing makes the requests for information throughout Swartling's entire region for terminations of all employees for any violation of Cracker Barrel's Rules of Conduct and/or insubordination at all relevant to this action. Similarly, there is no justification for information going back to January 1, 1997. The cutoff date of January 1, 2001 is more reasonable. Furthermore, the request for information as to "each and every employee" terminated for violating the Rules of Conduct or for insubordination is overbroad because he and non-management employees are decidedly not similarly situated. *Sarsha*, 3 F.3d at 1042. Finally, the request for information on several different types of violations is overbroad. Only violations of the rules prohibiting insubordination – the same misconduct in which Banks allegedly engaged – relate to his claim. *Plair*, 105 F.3d at 349 n. 3 (employees not similarly situated to plaintiff because they "did not engage in all of the same misconduct [he] did"); *Connolly*, at *14-15 (two bartenders not similarly situated because "complaints about their conduct" differed – "Hill's work quality and bossiness are not comparable to Connolly's rudeness to customers and employees.") Accordingly, the motion to

5

compel discovery is granted as to Interrogatory 5 and Request 19 to the extent that they are limited to terminations of managers in Banks' district for insubordinate conduct since January 1, 2001.

Personnel Files of Oskam and Cherepski: Requests 12 and 13

Banks seeks "[a]ny and all documents relating the personnel file[s]" of Hans Oskam and Bob Cherepski on the ground that Oskam was "one of the decision-makers," that Cherepski "was involved in the events leading up to" his termination, and that both were "similarly situated" to him. Banks is mistaken. Neither Oskam nor Cherepski was a decisionmaker with respect to any purportedly adverse action relating to his retaliation claim. Further, neither Oskam nor Cherepski is similarly situated to Banks in that, among other reasons, neither engaged in the same misconduct as he did. Finally, the fact that Cherepski may have witnessed an "event" preceding Banks' misconduct is entirely irrelevant for purposes of compelling the production of his personnel documents. Accordingly, the motion to compel discovery is denied as to his request in Requests 12 and 13 for the personnel files of Hans Oskam and Bob Cherepski to the extent that those requests seek information not compelled by any other granted interrogatory or request.

Employee Counseling Reports Issued by Frank or Oskam: Requests 12 and 13

Banks seeks "[a]ny and all documents relating to all Employee Counseling Reports issued by" Bryan Frank and Hans Oskam in Requests 12 and 13 on the ground that the "counseling reports were an integral part of the adverse action taken against [him and thus] may shed light on [his] claims that the bases for issuing counseling reports were a pretext for unlawful discrimination." This request is overbroad. Counseling reports issued to non-management

6

employees who had different supervisors than Banks did and who engaged in different misconduct than Banks did are not relevant to this action because they expressly concern individuals not similarly situated to Banks. In addition, there is no justification information going back to January 1, 1997. The cutoff date of January 1, 2001 is once again more reasonable. Accordingly, the motion to compel discovery is granted as to employee counseling reports issued by Frank or Oskam as requested in Requests 12 and 13 to the extent that they are limited to counseling reports issued to managers for violations of Cracker Barrel's Asset Protection and security policies and acts of insubordination in Banks's district since January 1, 2001.

Documents Relating to the Performance and Conduct of Frank and Swartling: Request 5

In Request 5, Banks seeks "[a]ny and all documents relating to the performance or conduct of Bryan Frank and/or David Swartling" on the rationale that both were decisionmakers as to his adverse employment actions. As stated before, however, Swartling was not the decisionmaker. Accordingly, the motion to compel discovery is granted as to Request 5 to the extent that it is limited to Frank.

Request for Deposition Dates and Cracker Barrel's Purported "Delay"

Regardless of which party is responsible for the delay in taking these depositions, Cracker Barrel has expressed its willingness to work with Banks in scheduling these depositions as soon as schedules and travel plans can be coordinated. As such, I do not order Cracker Barrel to provide dates for these depositions. I trust that the parties can work out a mutually convenient schedule within a reasonable time period.

For the aforementioned reasons, Banks' Corrected Motion to Compel Discovery [7-1] is GRANTED as to Interrogatories 2, 4, and 5 and Requests 4, 5, 18, and 19 subject to the limitations discussed above, DENIED as to his request for deposition dates, and GRANTED in part and DENIED in part as to Requests 12 and 13 subject to the limitations discussed above.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 April 2003